C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ISAIAH BRIDGES,

                    Petitioner,

          - against -

WARDEN WILLIAM LEE,

                    Respondent.
----------------------------------------------------------- X

**ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING PETITION**

15-cv-4669 (BMC)

**COGAN**, District Judge.

Petitioner *pro se* objects to the Report and Recommendation ("R&R") of Magistrate Judge Cheryl Pollak dated August 26, 2019, which recommended denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. I "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). My standard of review is *de novo*. See id.; Fed. R. Civ. P. 72(b)(3). Having reviewed the R&R and petitioner's objections, I overrule the objections, adopt the R&R as the Order of this Court, and deny the petition for the reasons set forth below.

      1.      Petitioner first contends that he never consented to the referral to Judge Pollak for the R&R. The consent of both parties is required if a District Judge refers a case to a Magistrate Judge for a final decision, but the District Judge has the power to refer a case for an R&R without the consent of any party. See 28 U.S.C. § 636(b). That is what Judge Brodie, who was initially assigned to this case, did here.

      2.      Petitioner next complains that when Judge Pollak held an initial conference in this matter, he had no advance notice of what the conference was about. The Magistrate Judge did

not have to hold a conference at all, and petitioner has not demonstrated any prejudice from the lack of advance notice of its subject matter, as he had fully replied in writing to respondent's opposition to his petition years before the telephone conference.  In addition, as petitioner notes, although he made argument during this conference, respondent rested on his papers.

3. Petitioner next complains that because of the referral to Judge Pollak, he never had the opportunity to have counsel appointed for him under 28 U.S.C. § 3006A and Federal Habeas Rule 8(c).  The docket does not reflect a motion for appointment of counsel, but had petitioner made one, either Judge Brodie or Judge Pollak had the authority to grant or deny it.  In any event, nothing in the record shows that petitioner met the requirements for discretionary appointment of counsel under 28 U.S.C. § 3006A, nor Habeas Rule 8(c), as Judge Pollak did not, and was not required to, hold an evidentiary hearing.

4. Next, petitioner complains that he did not receive the record in this case.  The docket reflects that he did ([5] at p. 18), and, in any event, he never raised this objection when he replied to respondent's opposition to his habeas corpus petition or at any other time until now.  If he is referring to the alleged correspondence referenced in paragraph 1 above, there were no documents received by this Court that are not already on the docket.

5. Next, petitioner contends that Judge Pollak was not "neutral" because she viewed the facts in the light most favorable to the prosecution, accepting the prosecution witness's testimony instead of his.  However, it is not within the scope of federal habeas corpus for a district court to re-weigh the evidence. "A federal habeas court cannot second-guess the jury's credibility assessments or weighing of the evidence." Romero v. Napoli, No. 08-cv-8380, 2013 WL 6170636, at *3 (S.D.N.Y. Nov. 25, 2013) (citing Quartararo v. Hanslmaier, 186 F.3d 91, 95, 96 (2d Cir. 1999)). "Such objections do not merit *de novo* review." Id.  This is no less true when

there are inconsistencies within or between the testimony of the prosecution's witnesses. See Owens v. Coveny, 18-cv-280, 2020 WL 7389156, at *9 (W.D.N.Y. Oct. 6, 2020) ("to the extent there were discrepancies or inconsistencies in the witnesses' and victims' accounts, petitioner 'had an opportunity to highlight these to the jury at trial,' and the jury 'chose to believe [the prosecution witnesses' testimony] despite any inconsistencies.'") (quoting, United States v. Vasquez, 267 F.3d 79, 91 (2d Cir. 2001)). The jury convicted petitioner, which means that it accepted the material parts of the testimony of the prosecution's witnesses and rejected petitioner's testimony. The conflict in the testimony was for the jury to resolve, not the federal courts, and Judge Pollak did not have to hold a hearing to re-try the case. Moreover, petitioner never raised the point in the state courts, nor in the instant petition, that the evidence was legally insufficient to convict him.

6. Petitioner protests that Judge Pollak did not sufficiently consider his actual innocence claim. As Judge Pollak noted, there is no actual innocence claim in his habeas corpus petition nor in his state court appeals. Petitioner contends that because he was not prepared for the telephone conference, he was deprived of his opportunity to present evidence of actual innocence. This objection fails because, first, petitioner still has not referred to any evidence of actual innocence other than his argument that the jury should have accepted his testimony and rejected that of the victim; and, second, the time to put in his evidence was with the petition or, at the latest, as part of his reply to respondent's opposition to the petition. Again, petitioner seems to be under the misimpression that Judge Pollak held or was required to hold an evidentiary hearing, which she could have done, but she did not do and did not have to do.

7. The remainder of petitioner's objections reiterate and reargue the three points of error he previously made in his petition and to the state courts. Where a petitioner "simply

3

reiterates his original arguments," the report should be reviewed only for clear error.  Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).  In any event, even under a *de novo* standard of review, I agree with Judge Pollak's proposed disposition of each of petitioner's three points of error, and further observe that none of them even come close to satisfying the narrow standard of review under AEDPA.

        8.       The petition is denied and the case is dismissed.  I decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1)(A) as petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  I certify pursuant to 28 U.S.C. § 1915(a) that any appeal would not be taken in good faith and, therefore, I deny i*n forma pauperis* status for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

                                  Digitally signed by Brian M. Cogan
                                                   U.S.D.J.

Dated:  Brooklyn, New York
         February 22, 2021